JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JORGE L. MALDONADO

## DEFENDANTS
ZIMCO MARINE, INC.

B-01-091

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT CAMERON
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

United States District Court
Southern District of Texas
FILED
JUN 0 4 2001
Michael N. Milby
Clerk of Court

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MIGUEL SALINAS   956/574-9502
GARZA & SALINAS
680 E. St. Charles Ste 110
Brownsville TX 78520

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

ADEA, 29 U.S.C. § 623
This is an Age Discrimination in Employment case

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 6/4/2001

SIGNATURE OF ATTORNEY OF RECORD
Miguel Salinas

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE L. MALDONADO | § | |
| | § | |
| | § | CIVIL ACTION NO. B-01-091 |
| VS. | § | JURY DEMAND |
| | § | |
| ZIMCO MARINE, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JORGE L. MALDONADO hereinafter referred to by name or alternatively as plaintiff, and hereby complains of defendant, ZIMCO MARINE, INC., hereinafter referred to as defendant. In pursuit of his cause of action plaintiff respectfully shows unto the Court and jury the following:

### PARTIES

1. Plaintiff, JORGE L. MALDONADO, resides at 328 Avenida Estrella, Brownsville Cameron County, Texas 78521.

2. Defendant, ZIMCO MARINE, is a domestic corporation formed under the laws of Texas and is situated at the Shrimp Turning Basin at the Port of Brownsville and may be served with process herein by serving its registered agent for service, Mr. Walter W. Zimmerman, 400 Washington St., Port Isabel, Texas 78578.

3. This is an action for damages to secure protections of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-3 et seq. (hereafter "Title VII"), providing for relief against discrimination in employment, and the Age Discrimination in Employment Act of 1967, as amended

in 1978 29 U.S.C. § 623, (hereafter ADEA).

## FACTUAL ALLEGATIONS

4. The injuries and damages suffered by the plaintiff and made the basis of this action occurred in Cameron County, Texas. At such time and place, JORGE MALDONADO, was an employee of ZIMCO MARINE, INC.

5. The plaintiff was an individual born on July 9, 1953. In that he was 46 years of age at the time of the incidents made the basis of this lawsuit, he fell within a protected class under Title VII of the Civil Rights Act of 1964. As well as the Age Discrimination in Employment Act of 1967, as amended in 1978 (29 U.S.C. §623).

6. The defendant, ZIMCO MARINE, INC., is an employer with more than 15 employees. As such, plaintiff is protected from the illegal and discriminatory action described herein.

7. The plaintiff worked for the defendant approximately 20 years as a painter. During that time, he was a loyal, dedicated and hardworking employee who often performed tasks beyond the scope of his job description. Despite this, he was terminated as the culmination of discriminatory treatment he received on account of his age.

8. Specifically, during the latter part of September of 1999, plaintiff was told he was being laid off due to lack of work. The plaintiff found this strange since there was plenty of work available at the time. In addition the plaintiff was the only person terminated while younger less experienced workers were allowed to continue.

9. After the plaintiff was informed he was being let go, he asked if he could transfer to another department. At that time he was told there was nothing for him. Since the

termination, the company advertised for additional workers. Although the plaintiff inquired about the positions, he was told he was not wanted at the company.

10. Within 300 days of the occurrence of the acts complained of, plaintiff filed his complaint with the Equal Employment Opportunity Commission alleging that the defendant had committed an unlawful employment practice against the plaintiff. Plaintiff received from the Equal Employment Opportunity Commission a "Right to Sue" letter allowing plaintiff to file this lawsuit within 90 days of its receipt. All conditions precedent to the filing of this lawsuit as required by law have been performed or have occurred.

11. Plaintiff asserts that the acts of the defendant are of a repetitive nature, each act having a relationship to the other acts of discrimination. As such, defendant's actions amount to a continuing violation of the rights of the plaintiff protected under Title VII and the ADEA.

12. Plaintiff further asserts and intends to prove that the treatment he received was a pattern and practice engaged in by the defendant towards the plaintiff and others similarly situated. This unwritten plan or scheme was to discriminate against and/or eliminate many of its older employees. Plaintiff would further show that defendant habitually and repeatedly engaged in a pattern of discrimination and/or retaliation towards the plaintiff and others similarly situated.

13. Plaintiff sues the defendant for causes of action under the Age Discrimination in Employment Act of 1967.

14. As a result of the incidents described above, that is made the basis of this suit, plaintiff has suffered mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of his natural life. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earning will continue long into the future. In that defendant acted with actual malice and malice, plaintiff further requests that exemplary damages be awarded against the defendant

15. This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the plaintiff and grant such other necessary and proper relief allowed by a declaratory judgment.

16. By reason of the allegations of this petition, plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary. In this connection, plaintiff will show that he has employed attorneys to assist him in the prosecution of this action. A reasonable attorneys fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in the case, plaintiff fully expects that the defendant will appeal this case. Plaintiff seeks attorneys fees to compensate the plaintiff for the attorneys fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and./or law clerks who assisted in the prosecution of the case. As permitted, plaintiff also seeks to recoup all litigation expenses expended in the prosecution of this lawsuit.

17. Plaintiff requests a jury trial.

18. WHEREFORE PREMISES CONSIDERED, plaintiff prays that this Honorable Court grant the following:

a) Judgment against defendant, for the relief listed above and as otherwise permitted by law;

b) Prejudgment interest as allowed by law;

c) Attorney and litigation fees and expenses;

d) Interest on said judgment at the legal rate from date of judgment;

e) For costs of suit herein;

f) Such other relief as the Court deems proper.

Respectfully submitted,

GARZA & SALINAS, LLP
ATTORNEYS AT LAW

By: *(signature)*

MIGUEL SALINAS
Attorney in charge
FEDERAL I.D. NO. 15171
STATE BAR NO. 17534750
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520
956/574-9502 Telephone
956/574-9506 Telefax

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

———————— DISTRICT OF ————————

Jorge L. Maldonado

v.

Zimco Marine, Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-01-091

**TO:** (Name and address of defendant)

Walter W. Zimmerman
400 Washington St.
Port Isabel, Texas 78578

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Miguel Salinas
680 E. St. Charles, Ste 110
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk        6-05-01

CLERK                          DATE

_[signature]_

(BY) DEPUTY CLERK

ClibPDF - www.fastio.com