*11*

# Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■ Roberts    Lehrman |
| DATE | 10 / 22 / 01 |
| TIME | 1:55 p.m. — 2:15 p.m. |
| CIVIL ACTION | B / 01 / 91 |
| STYLE | Maldonado versus Zimco Marine |

United States District Court
Southern District of Texas
FILED
OCT 22 2001
Michael N. Milby, Clerk of Court

DOCKET ENTRY

(HGT) ■ **Initial Pretrial Conference**;    (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):    Miguel Salinas

Attorney(s) for Defendant(s):    Tom Fleming

Notes:

    Judge Tagle asked the Mr. Fleming to explain Plaintiff's status as a seasonal employee. Mr. Fleming explained that Plaintiff had been a seasonal employee for many years and was released/terminated at the end of each season. He further explained that Plaintiff had always been hired as a general painter, not as a sandblaster, and also not as a welder, if, in fact, Plaintiff had done any welding at all. Mr. Fleming further stated that a number of employees had been terminated during the same time period as the Plaintiff. He then reiterated Defendant's position that Plaintiff had been terminated because of his seasonal status, not because of his age.

    Mr. Salinas agreed that Plaintiff had been hired as a seasonal employee, but noted that Plaintiff had been rehired continuously since 1991. Mr. Salinas stated that Plaintiff's position was that he was the only one laid off, and that after his termination, Defendant hired other people for the same type of position soon thereafter. Mr. Salinas further stated that Plaintiff had reapplied continuously for at least

6 months following termination. He further stated that Plaintiff applied in 1999 and again in 2000, but was denied employment on each occasion.

Judge Tagle asked whether there was any dispute as to whether Plaintiff worked as a painter. Mr. Salinas stated there was no dispute that Plaintiff was hired as a painter. Judge Tagle also inquired about Plaintiff's attempt to transfer. Mr. Salinas stated that after termination, Plaintiff inquired about transferring into another department, as a laborer, sandblaster, welder, or anything, but that Defendant declined to hire Plaintiff in any capacity.

Judge Tagle next inquired as to Plaintiff's response to Defendant's affirmative defense that Plaintiff was barred by the statute of limitations because suit was filed outside of the 90-day period (Defendant alleges suit was filed after 96 days). Mr. Salinas stated that Plaintiff's position is that the suit was timely filed. He stated that the clock runs from when the Right to Sue letter from the EEOC is received by Plaintiff, not from when it is filed. In support of this, Mr. Salinas stated that Plaintiff marked on the letter, at Mr. Salinas' instruction, when Plaintiff received the letter and also that the letter is postmarked later than the file date. Mr. Salinas advised the Court that the letter had been sent regular mail, not certified.

The parties advised the Court that the discovery process had just begun as Mr. Fleming had been in Court for much of the summer. The Judge advised the attorneys not to expect motions for continuance to be routinely granted and requested that they get together today to work up and then provide her with a scheduling order.

Judge Tagle inquired about mediation. She advised the attorneys that since Judge Recio has been certified as a mediator, she has been referring cases to him. Mr. Fleming stated that mediation was very possible since the statute of limitations affirmative defense appeared to be resolved if Plaintiff in fact had evidence to show that the 90 day period had been met. Judge Tagle requested that the parties keep her apprised of any developments.

Mr. Fleming then apologized to the Court for the tardiness of the Rule 26 report (the JDCMP). The Judge advised the parties that she would allow the parties to file it late and if there was an outstanding motion to allow late filing, she would grant it.